IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSÉ HERNÁNDEZ-VÁZQUEZ

Plaintiff

v.                                          CIVIL 09-01743 (JA)

GLORIA E. ORTIZ-MARTÍNEZ, et al.,

Defendants

OPINION AND ORDER

Plaintiff, José Hernández Vázquez, filed a pro-se complaint pursuant to 42 U.S.C. 1983, against the defendants, the "Junta de Libertad Bajo Palabra" ("Parole Board"); Gloria E. Ortiz Martínez, Parole Board Chairwoman; Connie Caban-Tristany, Socio Penal Technician for the Department of Corrections ("DOC"); and Carlos Molina Rodríguez, Secretary of the DOC. (Docket No. 3.) The defendants move to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Docket No. 15.) For the reasons set forth below, the defendants' motion is hereby GRANTED.

I. FACTUAL AND PROCEDURAL BACKGROUND

The following facts are derived from plaintiff's complaint filed on August 3, 2009. (Docket No. 3.) The court as it must, will assume that all material allegations set forth in the complaint by plaintiff are true and shall also draw all

CIVIL 09-01743 (JA)                    2

reasonable inferences in his favor. <u>New Jersey Carpenters Pension & Annuity Funds v. Biogen IDEC Inc.</u>, 537 F.3d 35, 44 (1st Cir. 2008).

Plaintiff is an inmate in the penal custody of the Commonwealth of Puerto Rico at the Southern Regional Institution in Ponce.  Plaintiff claims that since he served his minimum sentence, the Parole Board was supposed to hold a hearing on August 28, 2008 to determine whether or not he could be granted parole. However, the hearing did not take place because the DOC failed to submit certain documents and information to the Parole Board.

On December 18, 2008, the Parole Board issued an interlocutory order which provided that the DOC had to submit the information and the documents that were not produced within 45 days so that the hearing could be conducted. Plaintiff however claims that the DOC failed to comply with the order issued by the Parole Board.

According to plaintiff the delays of the parole proceedings resulted in a violation of the agreements or stipulations of the case of <u>Efraín Montero-Torres v. Hernández-Colón</u>, Civil No. 75-0828 (PG).  The Parole Board, plaintiff argues, was supposed to conduct the hearing within 50 days but failed to do so.  Plaintiff states that as a result of the defendants' negligent conduct his family and himself suffered emotional damages in the amount of $150,000.

CIVIL 09-01743 (JA)                    3

On October 1, 2009, the defendants filed a motion to dismiss plaintiff's complaint. (Docket No. 15.)   The defendants contend in their motion that plaintiff's complaint must be dismissed because he failed to exhaust available administrative procedures.  The defendants also argue that plaintiff's complaint must be dismissed because the Eleventh Amendment bars claims for the payment of monetary damages against the Commonwealth of Puerto Rico. Id. at 2, ¶ 2.

On December 2, 2009, the defendants filed a motion requesting the court to deem as unopposed their motion to dismiss and that plaintiff's complaint be dismissed with prejudice. (Docket No. 17, at 2, ¶ 4.)  On that same day, the court issued an order dismissing the defendants' motion for miscellaneous relief. (Docket No. 18.)   However, the court stated that the defendants' motion to dismiss would be considered as unopposed. Id.

## II. STANDARD OF REVIEW

A. Rule 12 (b) (1)

"Under Rule 12(b)(1), a defendant may move to dismiss an action against him for lack of federal subject matter jurisdiction." Rivera v. State Ins. Fund Corp., 410 F. Supp. 2d 57, 59 (D.P.R.2006) (citing Fed. R. Civ. P. 12(b)(1)). "The party asserting jurisdiction has the burden of demonstrating its existence." Id. (citing Skwira v. United States, 344 F.3d 64, 71 (1st Cir.2003) (citing Murphy v. United States, 45 F.3d 520, 522 (1st Cir.1995)).  Moreover, "[i]t is black-letter

CIVIL 09-01743 (JA)                        4

law that a federal court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction." McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir.2004), quoted in Rosario v. United States, 538 F. Supp. 2d 480, 486 (D.P.R.2008).

"Rule 12(b)(1) is a 'large umbrella, overspreading a variety of different types of challenges to subject-matter jurisdiction,' including ripeness, mootness, the existence of a federal question, diversity, and sovereign immunity." Ivyport Logistical Services, Inc. v Caribbean Airport Facilities, Inc., 502 F. Supp. 2d 227, 230 (D.P.R.2007) (quoting Valentín v. Hosp. Bella Vista, 254 F.3d 358, 362-63 (1st Cir.2001). "A moving party may mount a 'sufficiency challenge,' taking the plaintiff's 'jurisdictionally-significant facts as true' and requiring the court to 'assess whether the plaintiff has propounded an adequate basis for subject-matter jurisdiction.'" Rivera v. State Ins. Fund Corp., 410 F. Supp. 2d at 59 (D.P.R.2006) (quoting Valentín v. Hosp. Bella Vista, 254 F.3d at 363).

"Alternatively, when the jurisdictional facts are distinct from the case's merits, a moving party can bring a 'factual challenge,' in which case the court addresses 'the merits of the jurisdictional claim by resolving the factual disputes between the parties.'" Ivyport Logistical Services, Inc. v Caribbean Airport Facilities, Inc., 502 F. Supp. 2d at 230 (D.P.R.2007) (quoting Valentín v. Hosp. Bella Vista, 254 F.3d at 363).

CIVIL 09-01743 (JA)                    5

B. Rule 12 (b) (6)

"Pursuant to Rule 12(b)(6) [of the Federal Rules of Civil Procedure], a complaint should be dismissed when a plaintiff does not 'state a claim to relief that is plausible on its face." Colón-Andino v. Toledo-Davila, 634 F. Supp. 2d 220, 229 (D.P.R.2009) (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face when "the complaint alleges enough facts to  raise[] a right to relief above the speculative level." Ocasio-Hernández v. Fortuno-Burset, 639 F. Supp. 2d 217, 221 (D.P.R.2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)).

"The [c]ourt will accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in plaintiffs favor." Colón-Andino v. Toledo-Davila, 634 F. Supp. 2d at 229 (quoting Ashcroft v. Iqbal, 129 S.Ct. at 1949).  However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Ocasio-Hernández v. Fortuno-Burset, 639 F. Supp. 2d at 221 (quoting Ashcroft v. Iqbal, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).  Thus, a "[c]ourt need not credit . . .  'bald assertions [and] unsupportable conclusions' when evaluating the complaint's

CIVIL 09-01743 (JA)                    6

allegations . . . nor 'accept as true a legal conclusion couched as a factual allegation.'" Colón-Andino v. Toledo-Davila, 634 F. Supp. 2d at 229 (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996); Bell Atlantic Corp. v. Twombly, 550 U.S. at 570 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

"In sum, when [reviewing] a motion to dismiss the court must follow two [basic] principles: (1) legal conclusions masquerading as factual allegations are not entitled to the presumption of truth; and (2) plausibility analysis is a context-specific task that requires courts to use their judicial experience and common sense." Ocasio-Hernández v. Fortuno-Burset, 639 F. Supp. 2d at 221(citing Ashcroft v. Iqbal, 129 S.Ct. at 1949-50) (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555-556).  When "applying these principles, courts may first separate out merely conclusory pleadings, and then focus upon the remaining well-pleaded factual allegations to determine if they plausibly give rise to an entitlement to relief." Ocasio-Hernández v. Fortuno-Burset, 639 F. Supp. 2d at 221 (citing Ashcroft v. Iqbal, 129 S.Ct. at 1950).

## III. ANALYSIS

Given that plaintiff is proceeding pro-se, I construe his pleadings, however inartful, liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).   "The policy behind affording pro se plaintiffs liberal

CIVIL 09-01743 (JA)                    7

interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." <u>Ahmed v. Rosenblatt</u>, 118 F.3d 886, 890 (1st Cir. 1997); <u>see</u> <u>Castro v. United States</u>, 540 U.S. 375, 381 (2003) (noting that courts may construe pro-se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims).  However, plaintiff's pro-se status does not excuse him from complying with procedural and substantive law. <u>Ahmed v. Rosenblatt</u>, 118 F.3d at 890.

A. Failure to Exhaust

The defendants move to dismiss under Rules 12(b)(1) and 12(b)(6) for failure to exhaust administrative remedies through the prison's grievance procedures as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

The PLRA proscribes that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] . . .  by a prisoner confined in jail, prison, or any other correctional facility until such administrative remedies are exhausted." <u>Torres Ríos v. Pereira Castillo</u>, 545 F. Supp. 2d 204, 205 (D.P.R.2007) (citing 42 U.S.C. § 1997e(a); <u>see</u> <u>Booth v. Churner</u>, 532 U.S. 731, 739 (2001) ("The 'available 'reme[dy]' must be 'exhausted' before a complaint under § 1983 may be entertained.") Exhaustion of remedies is not discretionary but rather mandatory. <u>Woodford v. Ngo</u>, 548 U.S. 81, 85 (2006) (citing <u>Booth v. Churner</u>,

CIVIL 09-01743 (JA)                    8

532 U.S. at 739 (2001)).  "[A] prisoner must . . . exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process."  Woodford v. Ngo, 548 U.S. at 85.

"[T]here is no 'futility exception' to the PLRA exhaustion requirement." Knowles v. New Hampshire Dept. of Corrections Commissioner, 538 F. Supp. 2d 453, 457 (D.N.H.,2008)(quoting Medina-Claudio v. Rodríguez-Mateo, 292 F.3d 31, 35 (1st Cir.2002)).  "In other words, even if the prison's administrative process does not provide for the type of relief the inmate desires, the prisoner must complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief."  Knowles v. New Hampshire Dept. of Corrections Commissioner, 538 F. Supp. 2d at 457 (citing Booth v. Churner, 532 U.S. at 739).  Therefore "a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process."  Knowles v. New Hampshire Dept. of Corrections Commissioner, 538 F. Supp. 2d at 457 (quoting Woodford v. Ngo, 548 U.S. at 85) (citing Booth v. Churner, 532 U.S. at 734).  Failure to exhaust administrative remedies prior to bringing suit, requires dismissal of plaintiff's claim without prejudice. See Medina-Claudio v. Rodríguez-Mateo, 292 F.3d at 36, cited in Rand v. Simonds, 422 F. Supp. 2d 318, 325 (D.N.H.2006); Feliciano v. Servicios Correccionales, 79 F. Supp. 2d 31, 34 (D.P.R.2000).  However, it is important to

CIVIL 09-01743 (JA)                    9

point out that "failure to exhaust is an affirmative defense [for the defendant to raise and prove] under the PLRA, and [that] inmates are not required to specially plead or demonstrate exhaustion in their complaints." <u>Jones v. Bock</u>, 549 U.S. 199, 216 (2007).  This means that exhaustion of administrative remedies is a mandatary requirement and not jurisdictional. <u>Casanova v. Dubois</u>, 289 F.3d 142, 147 (1st Cir. 2002).  Therefore, plaintiff's claim cannot be dismissed under Rule 12(b)(1) when the defendant claims failure to exhaust administrative remedies. Dismissal therefore is only warranted under Rule 12 (b)(6) when the complaint on its face conclusively shows that the plaintiff could not have exhausted his remedies. <u>Jones v. Bock</u>, 549 U.S. at 215; see <u>Trans-Spec Truck Service, Inc. v Caterpillar, Inc.</u>, 524 F.3d 315, 320 (1st Cir. 2008).

Plaintiff in this case alleges that the defendants violated his constitutional rights by delaying the parole proceedings.  Plaintiff seeks monetary damages as a result of the defendants conduct in handling the parole proceedings.  Plaintiff's request for monetary damages does not stem from an allegation of being  subject to unconstitutional prison conditions.  Therefore, the defendants may not rely on plaintiff's alleged failure to exhaust administrative remedies as an affirmative defense.  The exhaustion requirement under PLRA pertains only to against "prison conditions," 42 U.S.C. § 1997e(a), not to challenges to state parole procedures. See <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 84 (2005)(citing cases relating to prison

CIVIL 09-01743 (JA)                    10

conditions as a separate category of suits challenging administrative procedures under § 1983, distinct from suits regarding state parole procedures). Therefore, plaintiff's complaint cannot be dismissed based on the defendants' contention.

B. Sovereign Immunity

The defendants contend that the court must dismiss plaintiff's claim against them in their official capacity because the Eleventh Amendment bars payment of monetary damages against the Commonwealth of Puerto Rico.  "The Eleventh Amendment bars suits from being brought in federal courts for monetary damages against states, unless the state being sued waives its immunity or consents to being sued." Cruz v. Puerto Rico,  558 F. Supp. 2d 165, 173-175 (D.P.R.2007). "The Eleventh Amendment has . . . been interpreted to bar suits for monetary relief against the agencies or instrumentalities of a state and against its officers in their official capacities." Id. (citing Kentucky v. Graham, 473 U.S. 159, 169 (1985), quoted in Culebras Enterprises Corp. v. Rivera Ríos, 813 F.2d 506, 516 (1st Cir.1987)). In other words, "Eleventh Amendment immunity does not solely protect the State.  Since a State only exists through its instrumentalities, Eleventh Amendment immunity also extends to arms or alter egos of the State" as well as to state employees exercising their official duties. Cruz v. Puerto Rico,  558 F. Supp. 2d at 173-175. (citing Ainsworth Aristocrat Int'l Pty. Ltd. v. Tourism Co. of Puerto Rico, 818 F.2d 1034, 1036 (1st Cir. 1987) (citations omitted)).  "[A] suit

CIVIL 09-01743 (JA)                    11

against a state official in his or her official capacity is not a suit against the official rather is a suit against the official's office. As such, it is no different from a suit against the State itself." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Cosme-Pérez v. Mun. of Juana Diaz, 585 F. Supp. 2d 229, 236 (D.P.R.2008).

"[T]he First Circuit consistently has held that Puerto Rico is considered a 'State' for Eleventh Amendment purposes, and therefore Eleventh Amendment applies with full force to the Commonwealth of Puerto Rico." Cruz v. Puerto Rico, 558 F. Supp. 2d at 173 -175. (citations omitted).  Therefore, since Puerto Rico is afforded the same rights as a state and has not waived its claim to Eleventh Amendment Immunity, any private suit against the Commonwealth of Puerto Rico is barred. See e.g., Jusino-Mercado v. Commonwealth of P.R., 214 F.3d 34, 37 (1st Cir. 2000); Ezratty v. Commonwealth of P.R., 648 F.2d 770, 776 n.7 (1st Cir. 1981) (explicitly stating that Eleventh Amendment immunity applies to Puerto Rico); Orria-Medina v. Metropolitan Bus Authority, 565 F. Supp. 2d 285, 310 (D.P.R.2007).  Consequently, "[t]he eleventh amendment bars the recovery of damages in a federal court against the Commonwealth of Puerto Rico, see e.g. Ramírez v. Puerto Rico Fire Service, 715 F.2d 694, 697 (1st Cir. 1983), and by the same token, it bars the recovery of damages in official capacity suits brought against Puerto Rico officials where recovery will come from public fisc." Culebras

CIVIL 09-01743 (JA)                    12

Enter. Corp. v. Rivera Ríos, 813 F.2d at 516 (citing Kentucky v. Graham, 473 U.S. at 165-166 (1985)).  The Parole Board as well as the Department of Corrections function as arms of the Commonwealth of Puerto Rico and any judgment against the defendants in their official capacity would effectively be a judgment against the Commonwealth of Puerto Rico. See Martínez-Machicote v. Ramos-Rodríguez, 553 F. Supp. 2d 45, 51 (D.P.R.2007); Padilla Cintrón v. Rossello González, 247 F. Supp. 2d 48, 57 (D.P.R.2003); Jusino Mercado v. Com. of Puerto Rico, 101 F. Supp. 2d at 59 (D.P.R.1999).  The court therefore finds that the defendants are protected by the Eleventh Amendment.  As such, plaintiff's claim against the defendants in their official capacity is dismissed with prejudice.

IV. CONCLUSION

In view of the above, I find that plaintiff has failed to state a claim upon which relief can be granted. Thus, the defendants' motion to dismiss is hereby GRANTED. (Docket No. 15.)  Accordingly, plaintiff's claim for monetary damages against the defendants in their official capacities is DISMISSED WITH PREJUDICE. In view of the above, the Clerk is directed to enter judgment accordingly.

At San Juan, Puerto Rico, this 8th day of January,  2010.

S/ JUSTO ARENAS
Chief United States Magistrate Judge